## GALLAGHER v ZANGERLE et

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided April 25, 1932

J. A. Elden, I. M. Rose, and H. R. Cuyler, Cleveland, for plaintiff in error.

Arthur Krause, Garfield, Cross, MacGregor, Daoust & Baldwin, and Sanders & Dempsey, Cleveland, for defendant in error.

LEVINE, PJ.

In **Goyert and Vogel v Eicher, Admr., et, 70 Oh St, page 30,** the syllabus reads:

"An agreed statement of facts, although in writing signed by counsel of all parties and filed, does not become a part of the record unless brought upon the record by a bill of exceptions, or the facts as agreed upon are stated in the journal entry as the court's finding of facts."

Counsel for the plaintiff directed our attention to the case of **The G. A. Boeckling Company v Schwer, Aud. et, 122 Oh St, page 40,** wherein it appears inferentially that the court proceeded in an error proceeding, which was prosecuted from the decision of the Tax Commission of Ohio to the Common Pleas Court and then taken to the Court of Appeals. The Court of Appeals, in the absence of a bill of exceptions, proceeded to review the case and entered a judgment of remittitur. The language of the Supreme Court appears on page 44 as follows:

"We have not overlooked the point made by counsel for the tax officials that the Court of Appeals was without jurisdiction to hear the case because the hearing in the Court of Common Pleas was in fact tantamount to a hearing on appeal from the Tax Commission—though in all respects treated and conducted by all parties as a proceeding in error—and no motion for a new trial was filed in the Court of Common Pleas, nor was any bill of exceptions ever taken in that case. §5611-2 GC provides that the review shall be accomplished by proceedings in error. The point is ingenious and very interesting, but, in view of all that is shown by the record, we are not able to appreciate substantial merit in this position taken by counsel for the tax officials."

We have examined the complete record of The G. A. Boeckling Company v Schwer, supra, and we find the following:

"1929, July 15. * * *

"This day this cause came on for hearing before this court upon the petition in error, transcript of the docket and journal entries of the Court of Common Pleas, and the bill of exceptions containing a transcript of the proceedings before the board of revision of Erie county, Ohio, the proceedings before the Tax Commission of Ohio, and the proceedings of the Court of Common Pleas of Erie county, Ohio, and containing all of the evidence and the court upon consideration thereof, finds * * *."

The transcript of the docket and journal entry in the Court of Common Pleas, page 11, contains the following:

"1929, January 16. Bill of exceptions filed.
"1929, January 16. Notice of filing exceptions handed to C. E. Moyer.
"1929, January 17. Consent to immediate transmission to trial judge."

The bill of exceptions is set out in full in the record, beginning on page 14. The order of the trial judge, allowing the bill of exceptions and ordering the same to be transmitted to the clerk of the court, is found on page 16.

An examination of the brief of the attorney general on behalf of the defendant in error in the Supreme Court, shows that the point argued by the defendant in error and referred to in the opinion of the Supreme Court, quoted in the brief of the plaintiff in error in this case, was that the Court of Appeals had no authority to review the judgment of the Common Pleas Court involving a consideration of the weight of the evidence in the absence of a motion for a new trial filed in the Common Pleas Court.

From the above, it is apparent that the Boeckling case is not authority for the contention of the plaintiff in error that the Court of Appeals may consider a stipulation of facts filed in the Common Pleas Court, which is not incorporated in the record, either by incorporation in the journal entry or by incorporation in the bill of exceptions.

We cannot escape the conclusion that the language of the Supreme Court above cited to the effect that "there was no bill of exceptions ever taken in the case," crept into the opinion by mistake since the record clearly shows that there was a bill of exceptions. Likewise it seems quite clear from a study of the record in the Boeckling case that the point argued by the Attorney General was that the Court of Appeals had no authority to review the judgment of the

Common Pleas Court involving the question of the weight of the evidence in the absence of a motion for a new trial, and that the particular point, the absence of a bill of exceptions, was not even urged by counsel.

In the absence of a record disclosing the assignments of error set forth in the plaintiff's petition in error, since the same do not appear either in the journal or in a bill of exceptions, we must assume that the trial court was correct in its judgment and it is therefore affirmed.

WEYGANDT, J, concurs.
VICKERY, J, not participating.